Vanguard Industrial Corporation ("Vanguard"), Hartford Fire Insurance Company ("Hartford"), Allan Denson ("Denson"), and Arnold Whisman ("Whisman"), in three consolidated cases, appeal from orders *Page 80 
granting summary judgment in favor of Alabama Power Company ("APCo") by the Etowah County Circuit Court on the basis ofres judicata, collateral estoppel, and the failure of the appellants to assert compulsory counterclaims under Rule 13, Ala.R.Civ.P.
In June 1980, a fire in Attalla, Alabama, destroyed a warehouse in which property of Vanguard, Denson, and Whisman was stored. Hartford was the fire insurance carrier for Vanguard and Denson; Hartford paid Vanguard and Denson in accordance with the insuring agreement and took a subrogation assignment. Eight suits were filed claiming, inter alia, that APCo negligently caused the fire.
One of these suits, Culp Iron Metal, Inc. v. Alabama PowerCo., CV 80-1771-S, was tried in 1983 (hereinafter Culp v.APCo). Before the trial of Culp v. APCo and with leave of court, APCo had joined Vanguard, Hartford, Denson, and Whisman as third-party defendants and claimed that their negligence caused the fire and resulting property damage to APCo's substation. This joinder was discussed by the court and all parties and the joinder was allowed without objection. Neither Vanguard, Hartford, Denson, or Whisman filed a counterclaim against APCo or moved to consolidate any of the other pending suits. Each of them did assert the affirmative defense of the contributory negligence of APCo, and the trial court charged the jury on their contributory negligence defense.
In Culp v. APCo, the trial court propounded certain special interrogatories to the jury. The first one was: "Do you find that Alabama Power Company was negligent in supplying electricity to Vanguard Industrial Corporation so as to proximately cause all the damages to Culp Iron and Metal?" The jury answered this question "No" and returned a verdict in APCo's favor on the claims of Culp, who was the owner of the warehouse.
The second question was: "Do you find that Alabama Power Company was negligent in supplying electricity to Vanguard and that Alabama Power Company's negligence combined or concurred with one or more of the third-party defendants or others to proximately cause the damages to Culp Iron and Metal?" The jury answered this question "No."
The fourth special interrogatory was: "Do you find the issues in favor of Alabama Power Company on its third-party complaint against either Vanguard or Hartford or both?" The jury answered this affirmatively, finding that Vanguard and Hartford negligently caused the fire. A verdict for $35,000 was returned in favor of APCo.
The trial court entered a judgment for APCo against Culp and for APCo against Vanguard and Hartford. Vanguard and Hartford then appealed to this Court. See, Vanguard Industrial Corp. v.Alabama Power Co., 455 So.2d 837 (Ala. 1984), in which this Court held that because the jury wrongfully apportioned damages, APCo had to nol-pros its judgment against Vanguard or Hartford. On remand, APCo nol-prossed the judgment against Hartford and proceeded to collect and satisfy the judgment against Vanguard.
There then remained in the Circuit Court of Etowah County seven other lawsuits pending against APCo, including the three which are consolidated in this appeal, which arose out of the same operative facts as those in Culp v. APCo. APCo amended its answer in these lawsuits to raise the affirmative defenses ofres judicata, collateral estoppel, and failure to assert a compulsory counterclaim. It then filed motions for summary judgment, which were granted.
With respect to the three suits consolidated here for appeal, APCo argued that because the plaintiffs were parties inCulp v. APCo, their claims were barred.
 Case No. 85-1068 (Vanguard and Hartford) and Case No. 85-1085 (as to Hartford):
A valid, final judgment on the merits of an issue extinguishes that issue and operates as an absolute bar in a subsequent suit between the same parties on any issue which was or could have been litigated. *Page 81 Lesley v. City of Montgomery, 485 So.2d 1088 (Ala. 1986);Educators' Investment Corp. of Alabama, Inc. v. Autrey,383 So.2d 536 (Ala. 1980): Ozley v. Guthrie, 372 So.2d 860
(Ala. 1979); Wheeler v. First Alabama Bank of Birmingham,364 So.2d 1190 (Ala. 1978); McGruder v. B L Construction, Inc.,331 So.2d 257 (Ala. 1976); A.B.C. Truck Lines, Inc. v. Kenemer,247 Ala. 543, 25 So.2d 511 (1946).
The interest of society demands that there be an end to litigation, that multiple litigation be discouraged, not encouraged, and that the judicial system be used economically by promoting a comprehensive approach to the first case tried. See, Commentary, Issue Preclusion in Alabama, 32 Ala.L.Rev. 500 (1981).
In the 1983 trial (Culp v. APCo), APCo, as a third-party plaintiff, prevailed in the suit against it brought by Culp and prevailed on its claim against Vanguard and Hartford as third-party defendants. The issues presented were the cause of the fire at Vanguard's plant, the alleged negligence of APCo and of Vanguard and Hartford, and the alleged contributory negligence of APCo. In two cases now on appeal, No. 85-1068 and, as to Hartford, No. 85-1085, the identical issues are presented. The third-party action presented issues in mirror image.
The traditional res judicata case (frequently referred to as a claim preclusion) involves prior litigation between a plaintiff and a defendant, which is decided on the merits by a court of competent jurisdiction, and then a subsequent attempt by the prior plaintiff to relitigate the same cause of action against the same defendant, or perhaps to relitigate a different claim not previously litigated but which arises out of the same evidence. Alabama law is well settled that this will not be allowed. A valid, final judgment on the merits of the claim extinguishes the claim. If the plaintiff won, the claim is merged into the judgment; if the defendant won, the plaintiff is barred from relitigating any matter which couldhave been litigated in the prior action. Lesley v. City ofMontgomery, supra; Ozley v. Guthrie, supra; Wheeler v. FirstAlabama Bank of Birmingham, supra; McGruder v. B LConstruction, Inc., supra. Likewise, under res judicata we have consistently rejected an attempt by a former defendant to relitigate issues that were, or could have been, raised in prior litigation that ended in a valid adjudication by a court of competent jurisdiction. Educators' Investment Corp. ofAlabama, Inc. v. Autrey, supra; A.B.C. Truck Lines, Inc. v.Kenemer, supra.
In A.B.C. Truck Lines, two lawsuits arose out of a two-truck collision. The first lawsuit was filed in Georgia by Kenemer against A.B.C. Truck Lines. The issue concerned the negligent operation of an A.B.C. Truck Lines truck, and judgment was rendered in favor of Kenemer. Thereafter, A.B.C. Truck Lines filed suit against Kenemer in Alabama for damage to A.B.C. Truck Lines' truck in the collision. The trial court dismissed the action; we affirmed. Discussing the doctrine of resjudicata, we wrote:
 "There is a good exposition of the doctrine in 2nd Black on Judgments, where it is first noted that 'it is a general rule that a valid judgment for the plaintiff definitely and finally negatives every defense that might and should have been raised against the action. . . . "A party cannot relitigate matters which he might have interposed, but failed to do, in a prior action between the same parties or their privies in reference to the same subject-matter. . . ." ' "
247 Ala. at 547, 25 So.2d at 514.
We further held that if a judgment goes against the defendant, and he afterwards sues the plaintiff on a claim "which he might have presented in the first suit but did not, if the facts which he must establish to authorize his recovery are inconsistent with the facts on which the plaintiff recovered in the first action, the former judgment is a bar."Res judicata may be pleaded as a bar, not only as to matters actually presented to sustain or defeat the right asserted in the earlier proceeding, but also as to any other available matter that might have been presented to *Page 82 
that end. A.B.C. Truck Lines v. Kenemer, 247 Ala. at 548,25 So.2d at 515. APCo elected to recover the judgment in full from Vanguard and nol-prossed the judgment against Hartford.
The fact that the judgment against Hartford wasnol-prossed by APCo in accordance with our opinion in VanguardIndustrial Corp. v. Alabama Power Co., supra, has no effect on the defense of res judicata. The issue has been litigated and, if the defense is asserted, the prior litigation will preclude this issue from being relitigated. A nolle prosequi is a formal entry upon the record by the plaintiff in a civil suit by which he declares that he "will no further prosecute" the case either as to some of the defendants or altogether. Black's LawDictionary (5th ed. p. 945). If a judgment is nol-prossed, then the plaintiff is stating that he will not prosecute it further, but it remains a bar to any future action. For purposes of resjudicata, the nol-prossed judgment remains a prior judgment on the merits even though the plaintiff has entered on the court record a declaration that he will not pursue its execution.[1]
We affirm APCo's summary judgment in Case No. 1068 (Vanguard and Hartford) and as to Hartford in Case No. 85-1085. The issues sought to be relitigated were precluded from such litigation under an issue preclusion aspect of res judicata.
 Case No. 85-1085 (as to Allan Denson):
Denson was plant manager, general manager, and president of Vanguard. He was Vanguard's representative at the trial ofCulp v. APCo and testified at that trial. No judgment was entered against Denson and in favor of APCo in Culp v. APCo;
APCo dismissed Denson as a third-party defendant at the close of all the evidence and before the case was submitted to the jury.
The party identity criterion of res judicata does not require complete identity, but only that the party against whom resjudicata is asserted was either a party or in privity with a party to the prior action (Wheeler v. First Alabama Bank ofBirmingham, 364 So.2d 1190, 1200 (Ala. 1978), or that the non-party's interests were adequately represented by a party in the prior suit, and the relationship between the party and non-party is not so attenuated as to violate due process.Century 21 Preferred Properties, Inc. v. Alabama Real EstateCommission, 401 So.2d 764, 770 (Ala. 1981).
In Century 21 there was a state court lawsuit brought by certain real estate franchisees, challenging the advertising regulations of the Alabama Real Estate Commission. Prior to the state case being filed, other Century 21 franchisees had filed a federal action seeking essentially the same relief. They were unsuccessful and the defendant in the state case sought to use the federal judgment as a bar, even though the parties in the state case were not identical to the parties in the federal action. We rejected appellants' contention that the lack of identical parties made the plea of res judicata ineffective. Justice Jones, writing for this Court, stated:
 "Under the doctrine of res judicata, a judgment on the merits in a prior suit bars a second suit involving the same parties or their privies. Parklane Hosiery Co. v. Shore, 439 U.S. 322, 99 S.Ct. 645, 58 L.Ed.2d 552 (1979). Res judicata applies where the parties to both suits are 'substantially identical.' Wheeler v. First Alabama Bank of Birmingham, [364 So.2d 1190 (Ala. 1978)]; Astron Industrial Associates, Inc. v. Chrysler Motors Corp., 405 F.2d 958, 961 (5th Cir. 1968).
 "Judgments can bind persons not party (or privy) to the litigation in question where the nonparties' interests were represented adequately by a party in the original suit. Southwest Airlines Co. v. Texas International Airlines, 546 F.2d 84, 94-95 (5th Cir. 1977). A person may *Page 83 
be bound by a judgment even though not a party to a suit if one of the parties to the suit is so closely aligned with his interests as to be his virtual representative. Aerojet-General Corporation v. Askew, 511 F.2d 710, 719 (5th Cir. 1975). Moreover, if a party has a 'sufficient "laboring oar" in the conduct' of the litigation, then the principle of res judicata can be actuated. Montana v. United States, 440 U.S. 147, 155, 99 S.Ct. 970, 974, 59 L.Ed.2d 210 (1979)."
401 So.2d at 770.
In a "substantial identity" case strikingly similar to the case at hand, the Second Circuit Court of Appeals held that the president of a company was bound by a judgment against the company. Kreager v. General Electric Co., 497 F.2d 468 (2d Cir.), cert. denied, 419 U.S. 861, 95 S.Ct. 111, 42 L.Ed.2d 95,419 U.S. 1041, 95 S.Ct. 530, 42 L.Ed.2d 319 (1974). Kreager
involved an antitrust issue that had been pending in one form or another in the court for six years. In the first action, a small company, Mercu-Ray, sued General Electric and others for antitrust violations. Kreager was the president and the sole shareholder of Mercu-Ray. The jury returned a verdict in favor of the defendants and answered an interrogatory to the effect that there was no conspiracy resulting in an unreasonable restraint of trade. On the same day, Kreager commenced a second action asserting identical claims. This complaint was dismissed on the grounds of res judicata. On appeal the Second Circuit affirmed.
The court reasoned that Kreager, although not named as a party in the first action, had actively participated in the suit. He was present throughout the trial, attended conferences in judges' chambers, and was a witness for the company. Thus, "[h]e had an identical interest with [the company] and was bound by the judgment against it." Kreager, 497 F.2d at 472.
The reasoning in both Century 21 and Kreager applies to the case here. Denson testified that he was the plant manager and general manager of Vanguard. He also testified that as general manager, he was in charge of fire safety. Denson was Vanguard's representative at the trial and testified for the company. He was not a stockholder. It is confusing in the record; however, it appears that Denson's wife owned all of the stock in Vanguard. To support the motion for new trial, Denson filed an affidavit in which he says he is the president of Vanguard.
Denson was individually named as a third-party defendant inCulp v. APCo. He had counsel, cross-examined witnesses, introduced evidence, and participated in all phases of the trial. Clearly, Denson had a sufficient "laboring oar" in the proceeding, Broughton v. Merchants National Bank of Mobile,476 So.2d 97 (Ala. 1985). He is precluded from relitigating the issue of APCo's negligence in starting the fire, since he was in privity with Vanguard and his interests were adequately represented not only by Vanguard but by Denson himself.Broughton v. Merchants National Bank of Mobile.
 Case No. 85-1067 (Arnold Whisman):
Whisman also was named as a third-party defendant in Culp v.APCo. He also had counsel, cross-examined witnesses, introduced evidence, and participated in all phases of the trial. Clearly, Whisman also had a sufficient "laboring oar" in the proceeding and is precluded from relitigating the issue of APCo's negligence in starting the fire; his interests were not only adequately represented by Vanguard and Hartford, but were adequately represented by Whisman himself. Broughton v.Merchants National Bank of Mobile.
It is not necessary for a resolution of these cases to determine whether Whisman's and Denson's failure to file counterclaims in Culp v. APCo would also bar their actions under Rule 13(a), Ala.R.Civ.P.
Denson and Whisman contend that since they were dismissed as third-party defendants before a jury had an opportunity to deliberate APCo's third-party complaint against them, they would be deprived of their constitutional guarantee of *Page 84 
a trial by jury, if we hold that their actions are now barred. We disagree.
The issue raised in Whisman's and Denson's cases is whether APCo's negligence was a contributory cause of the June 1980 fire. In Culp v. APCo, in which Whisman and Denson fullyparticipated, that issue was resolved by a jury in favor of APCo. The fact that Whisman and Denson were dismissed as third-party defendants in Culp v. APCo immediately prior to the submission of the case to the jury did not deny Whisman and Denson of a trial by jury as to that issue.
A second suit arising out of the June 1980 fire was tried by a court without a jury five and one-half months after Culp v.APCo. The plaintiff was S S Screw Machine Company. The defendants were Vanguard and Culp. APCo was not a party. The court found in favor of Vanguard and Culp, and a review of the fragmentary elements of that case that are in the record causes us to believe that the trial court found that S S Screw Machine's loss was not caused by the negligence of Vanguard or Culp. The appellants here contend that for some reason, which we cannot comprehend, this should have some bearing on the cases presented before this Court. We fail to see how this is material in any of the cases at issue. All of the cases now before this court seek to recover damages from APCo due to its negligence in causing the June 1980 fire. That issue has been resolved. A jury has determined that APCo was not negligent in causing the fire. In addition, the jury determined that Vanguard and Hartford were negligent in causing the fire, that their negligence proximately caused APCo's loss, and that APCo was not contributorily negligent so as to bar its claim. The effect that Culp v. APCo could have had in precluding issues before the court in S S Screw Machine v. Vanguard and Denson
is not before this Court. We can see no res judicata effect, either as claim preclusion or issue preclusion, that S SScrew Machine has on any of the three cases consolidated for this appeal.
AFFIRMED.
JONES, ALMON, SHORES, BEATTY, ADAMS and STEAGALL, JJ., concur.
MADDOX, J., dissents.
[1] It is probable that the better procedure would have been for us to enter a retraxit, rather than require a nolle prosequi of one of the apportioned judgments. If so, this also would be a complete bar. See, e.g., Thomason v. Odum, 31 Ala. 108 (1857).