These two appeals, involving the same parties, arise from the same facts. In the first case (hereinafter "GarrisI"), the defendant, Edward Garris, Sr., appeals the circuit court's judgment for the plaintiff, Bay Minette Production Credit Association. In the second case (hereinafter"Garris II"), the plaintiff, Mr. Garris, appeals from a summary judgment in favor of the defendant, South Alabama Production Credit Association.
Bay Minette Production Credit Association and South Alabama Production Credit Association are the same entity: South Alabama Production Credit Association (hereinafter "PCA") was formed when Bay Minette Production Credit Association merged with another company.
 Garris I
Between March 1979 and April 1982, Mr. Garris and his family executed a number of documents to provide security for loans from PCA. These documents granted PCA mortgage interests in certain tracts of the Garris family farm and security interests in the farm's equipment. When the Garrises defaulted, PCA filed an action in the Circuit Court of Washington County, seeking a judgment against the Garrises for their outstanding indebtedness and for possession of the farm equipment and machinery.
On January 30, 1984, the trial court entered a consent judgment against the Garrises and in favor of PCA. This judgment gave PCA authority to sell the Garrises' farm equipment and machinery at a public auction on March 1, 1984, and to apply the proceeds of the sale to any outstanding debt owed by the Garrises.
Soon after this judgment was entered, the Garrises sought and received from a federal district court a temporary restraining order (hereinafter "TRO") blocking the sale of the farm equipment. Following a full hearing on the matter, the federal court dissolved the TRO, and the circuit court amended its judgment to provide a later date for the public sale. The Garrises, however, then filed separate Chapter 11 reorganization proceedings in United States Bankruptcy Court, again staying PCA's foreclosure sale. On petition by PCA, the bankruptcy court granted PCA permission to foreclose upon the Garrises' real property and farm equipment. Garris appealed this decision, but on January 14, 1985, the appeal was dismissed for failure to prosecute.
On January 31, 1985, PCA filed a motion in circuit court seeking immediate possession of the farm equipment. On February 4, 1985, the circuit judge held a hearing on PCA's motion. At this hearing, Garris's legal counsel argued that the debt that was the basis of the judgment had been satisfied, and that no accounting had been presented by PCA to indicate otherwise. The circuit judge, after considering Garris's charge, granted PCA's motion to take possession of the equipment the same day.
The next day, February 5, 1985, Garris filed a pleadingpro se, entitled "Motion for a New Trial." In this motion, Garris requested the court to grant him a new trial because "the amount paid in to the plaintiff, [PCA] . . . exceeds the amount set out in the original bill of complaint." Later that day, Garris filed, through his legal counsel of record at that time, a "Motion for Stay On Filing Motion for New Trial." Again Garris argued that his debt to PCA had been satisfied and that, therefore, the court should stay the repossession of his property until a new trial could be held, which would allow him an opportunity to produce additional evidence that his debt had been paid.
On February 8, 1985, PCA asked the court to strike Garris's motion for new trial and motion for stay. The court granted PCA's motion on February 14, 1985, striking the Garris motions and rendering them null and void. Garris responded on March 22, 1985, by filing an application for temporary restraining order and an application for preliminary injunction. In these applications, Garris alleged again that he had *Page 913 
satisfied his debt to PCA. Then, on April 1, 1985, Garris executed and delivered to PCA an instrument entitled "General Release of All Claims." This instrument released and discharged all claims at law or equity, arising under state or federal law, that Garris ever had against PCA, except matters specifically pleaded up to that date.
On April 24, 1985, the circuit judge conducted a hearing on all pending motions and on the applications. At this hearing, Garris again argued satisfaction of the PCA judgment. On April 30, the judge found Garris in contempt of court regarding the orders relating to possession of the farm equipment.
From April 1985 until March 1988, Garris did not seek a ruling on his application for temporary restraining order or his application for preliminary injunction.
 Garris II
On February 28, 1986, Garris sued PCA in the Circuit Court of Washington County, seeking a judgment in the amount of $100,000. PCA filed its motion for summary judgment on April 22, 1987, based on the theory that this second suit was barred by either of the doctrines of res judicata or collateral estoppel, or, alternatively, that the instrument executed by Garris on April 1, 1985, released PCA from any claims that Garris might assert.
PCA's motion for summary judgment was orally argued before the circuit court on May 20, 1987. On December 17, 1987, the circuit court granted PCA's motion for summary judgment. Garris filed a motion for new trial on January 19, 1988, and the court denied it on January 27, 1988. Thereafter, Garris II
was appealed to this Court.
On January 29, 1988, Garris asked the judge in GarrisI to enter a "final order" on his application for temporary restraining order and his application for preliminary injunction. The judge conducted a telephone conference call with counsel regarding Garris's request, and, on March 5, 1988, he issued a written order denying the applications. Thereafter, Garris appealed the judge's ruling in Garris I to this Court.
The facts of this case are at once sad and onerous. This litigation is the product of PCA's attempts to collect a debt and the Garrises' attempts to avoid, or at least forestall, losing their family farm. Central to these appeals, however, is the fact that after final judgment was rendered in favor of PCA in Garris I, Garris availed himself of a barrage of post-trial motions and maneuvers in which, on at least four separate occasions, Garris argued satisfaction of his debt to PCA. On each of these occasions, the court reviewed the evidence and, ultimately, ruled against him. Garris did not timely appeal these rulings.
Instead, on March 22, 1985, Garris filed an application for a temporary restraining order and an application for preliminary injunction. These applications sat pending for almost three years. During that period, Garris made no effort to pursue the applications. As the trial court observed when it denied Garris's applications, "The Application prays for immediate relief, yet Garris has shown by his own inaction that immediate . . . [relief] was not required. In addition, Garris has shown the Court that any issues under said Application would now be moot."
An appeal will lie from any final order that determines the issues before the court and declares the rights of the parties involved. Taylor v. Taylor, 398 So.2d 267 (Ala. 1981). On January 13, 1984, the trial court in Garris I, with the consent of all parties, entered a judgment in favor of PCA. This judgment ascertained the rights of the parties involved in the litigation. Garris allowed more than 30 days to elapse before moving for a new trial. The new trial motion, being untimely, did not toll the running of the 42-day period for appeal. See Rule 4, A.R.App.P. Simply stated, the appeal of Garris I is untimely and must, therefore, be dismissed.
Similarly, the appeal of the Garris II judgment must be affirmed, as the claim on which Garris II is based is barred by the doctrine of res judicata. The doctrine of res judicata rests upon the principle that matters once adjudicated are settled *Page 914 
and determined. The elements of res judicata are: (1) that the prior judgment was rendered by a court of competent jurisdiction; (2) that the prior judgment was rendered on the merits; (3) that the parties to both suits are substantially identical; and (4) that the same cause of action is present in both suits. Dominex, Inc. v. Key, 456 So.2d 1047, 1054
(1984) (quoting Wheeler v. First Alabama Bank ofBirmingham 364 So.2d 1190, 1199 (Ala. 1978)). Where these elements are present, the former judgment is an absolute bar to any subsequent suit on the same cause of action, including any issue that was or could have been litigated in the prior action. Dominex, Inc., supra.
Garris argues that the court in Garris I lacked jurisdiction to hear his claim of satisfaction, and, therefore, that any actions by the trial court were null and void and cannot support a claim of res judicata. This analysis, however, fails to account for Garris's numerous post-trial motions in which he argued satisfaction of the PCA debt. Rule 60(b), A.R.Civ.P., provides in pertinent part:
 "On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons: . . . (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment have prospective application. . . ."
The committee comments to this Rule state that the normal procedure for attacking a judgment under this Rule is by motion in the court that rendered the judgment. This provision of the Alabama Rules of Civil Procedure expressly allows the trial court to hear post-judgment claims. Garris's applications for temporary restraining order and for preliminary injunction, in which he argued satisfaction of the PCA debt, presented just such a claim. The denial of Garris's satisfaction claim, then, was rendered by a court of competent jurisdiction, thus satisfying the first element of res judicata.
The second element of res judicata, that there must have been a final judgment on the merits, was met when the trial judge in Garris I refused to recognize Garris's satisfaction claim. It is uncontroverted that the parties inGarris I and Garris II are the same, satisfying the third element of res judicata.
Whether the same cause of action exists in the two suits, the fourth element of res judicata, depends on whether the issues in the two suits are the same and on whether the same evidence would support a recovery in both suits. Dominex,Inc., supra. See also, Geer Brothers, Inc. v. Crump,349 So.2d 577 (Ala. 1977), Sessions v. Jack Cole Co.,276 Ala. 10, 158 So.2d 652 (1963). Regardless of the form of the action, the issue is the same when it is supported in both actions by substantially the same evidence. If it be so supported, a judgment in one action is conclusive upon the same issue in any suit, even if the cause of action is different.Dominex, Inc., supra. The cause of action alleged inGarris II is the same as the one alleged in the prior motion in Garris I, that is, that Garris's debt to PCA was satisfied and that there exists an overage to which Garris is entitled. Because Garris II involves the same subject matter and issues and the same evidence as that presented in Garris I, res judicata should bar litigation of the second suit. The trial court, therefore, correctly granted PCA's summary judgment in Garris II.
Because this Court finds that the second action is barred by the doctrine of res judicata, this Court need not determine whether the action is barred under the doctrine of collateral estoppel or whether the release executed by Mr. Garris bars his recovery.
The appeal in case # 87-680 (Garris I) is dismissed.
The judgment in case # 87-682 (Garris II) is affirmed.
87-680 DISMISSED.
87-682 AFFIRMED. *Page 915 
TORBERT, C.J., and JONES, SHORES, ADAMS and STEAGALL, JJ., concur.