MADDOX, Justice.
The issue in this case is whether James McConico’s claim alleging a fraudulent conveyance is barred by the doctrine of res judicata. We initially dismiss appeal No. 1900295 because it is a duplicate filing of McConico’s appeal No. 1900274.
On August 14, 1984, James McConico filed a complaint in the Jefferson Circuit Court (CV-84-4400) alleging that the defendant, Lawrence Robinson, owed him $15,000 for work and materials furnished in making improvements to a house owned by Robinson; and that Robinson had fraudulently misrepresented that he would sell McConico this house but took and kept his $1,000 down payment, without selling. The Honorable Arthur Hanes heard the evidence with respect to these claims and rendered a judgment against McConico on June 26, 1987.
However, on November 3, 1986, before Judge Hanes entered a judgment in CV-88-4400, McConico filed a separate complaint in Jefferson Circuit Court (CV-87-501-223) alleging that Robinson had fraudulently conveyed the house upon which McConico had made improvements and for which McConico had allegedly made a $1,000 down payment. McConico claims that Robinson was fully aware that civil action CV-88-4400 was pending against him when he conveyed the house.
McConico also named as defendants Sharon R. Rogers, who purchased the house from Robinson, and American Title Company, who issued the title binder. On August 4, 1987, the trial court entered summary judgment in favor of Rogers and American Title Company. The court found that there was not a scintilla of evidence that Rogers knew or should have known that McConico was claiming a lien against the property. The court also found that there was no statement or instrument filed of record indicating that McConico was asserting a claim against the property. On September 29,1987, this Court ordered that McConico’s notice of appeal as to the summary judgments entered in favor of Sharon Rogers and American Title Company be stricken for his failure to comply with Rule 35A, Ala.R.App.P. This Court, on October 27, 1987, further ordered that McConico’s motion to reinstate this appeal be denied. Thus, the only parties before this Court on appeal are James McConico, Jr., and Lawrence A. Robinson.
*1284 In April 1990, the trial court held, because it had been finally adjudicated in June 1987 that McConico was not a creditor of Robinson, that Robinson’s conveyance was not made to avoid payment of any debt to McConico. Thus, the trial court concluded that McConico was barred, under the doctrine of res judicata, from relitigating— in an attempt to establish a claim against Robinson based on a fraudulent conveyance — the issue of whether he was a creditor. Accordingly, in June 1990, the trial court dismissed McConico’s 1986 complaint with prejudice.
A final judgment on the merits of an issue extinguishes that issue and operates as an absolute bar in a subsequent suit between the same parties as to that issue and as to any other issue that could have been litigated. Whisman v. Alabama Power Co., 512 So.2d 78, 80-81 (Ala.1987).
Count 5 of McConico’s 1984 complaint against Robinson clearly alleges that he paid Robinson $1,000 as a down payment on the house. This issue was conclusively litigated and decided against McConico in the 1984 case and, thus, McConico is now barred from asserting new or additional claims with respect to that issue.
As expressed in Whisman:
“[T]he interest of society demands that there be an end to litigation, that multiple litigation be discouraged, not encouraged, and that the judicial system be used economically by promoting a comprehensive approach to the first case tried. See, Commentary, ‘Issue Preclusion in Alabama,’ 32 Ala.L.Rev. 500 (1981).”
512 So.2d at 81. We agree with the trial court that McConico is barred from relit-igating the issue of the underlying debt that he says is owed him by Robinson.
McConico also appeals from the denial of his Rule 60(b), A.R.Civ.P., motion to vacate the judgment entered in favor of the defendant. We affirm on the authority of McLeod v. McLeod, 473 So.2d 1097 (Ala.Civ.App.1985).
After a careful review of the record in this case, we find it apparent that McConi-co’s claims are barred under the doctrine of res judicata. See Trimble v. Bramco Products, Inc., 351 So.2d 1357 (Ala.1977); and McGruder v. B & L Construction Co., 331 So.2d 257 (Ala.1976). We, therefore, hold that the trial court’s judgment is due to be affirmed.
1900295 DISMISSED.
1900274 AFFIRMED.
HORNSBY, C.J., and HOUSTON, KENNEDY and INGRAM, JJ., concur.