620 So.2d 615 (1993)
Michael E. THOMAS and Tammie Thomas
v.
Sid LYNN, et al.
1920108.
Supreme Court of Alabama.
April 30, 1993.
Gregory P. Thomas, Dothan, for appellants.
Edward M. Price, Jr. of Farmer, Price, Hornsby & Weatherford, Dothan, for Sid Lynn and Wauneta Lynn.
William M. Jackson, Dothan, for Dorothy Carmichael, Sherry Radford, and Forsythe Farm and Realty, Inc.
PER CURIAM.
The plaintiffs appeal from a judgment dismissing their fraud action against all five defendants. We affirm in part, reverse in part, and remand.
Michael and Tammie Thomas had filed an earlier fraud action against Sid Lynn and his wife, Wauneta Lynn, from whom the Thomases had purchased a mobile home and the land on which it was located. The *616 trial court entered a summary judgment for the Lynns in that earlier action. The Thomases did not appeal.
The Thomases filed a second complaint alleging fraud in the sale of the land and the mobile home. The second complaint sought greater damages than the first had sought, and it named as defendants Forsythe Farm and Realty, Inc.; Forsythe employees Dorothy Carmichael and Sherry Radford, who had handled the sale of the Lynn property to the Thomases; and the Lynns. It alleged that the Lynns, as "principals," were liable for the fraud committed by their "agents," the realty company and its employees.
The trial court granted the defendants' motions to dismiss, holding that, as to all five defendants, the Thomases' action was barred by the doctrine of res judicata. The Thomases appeal from the judgment of dismissal.
Clearly, with regard to the Lynns, these facts provide a classic example of a cause of action that is barred by the doctrine of res judicata: There is (1) a prior judgment rendered by a court of competent jurisdiction (2) on the merits. As to the Lynns, (3) the parties to both actions are identical, and (4) the same cause of action is alleged in both actions. Garris v. South Alabama Production Credit Ass'n, 537 So.2d 911 (Ala.1989).
The Thomases argue that their second complaint alleges a cause of action against the Lynns that is different from the "active fraud" complained of in the first actionthat is, that the Lynns are liable as principals for fraud committed by the realty company and its employees, who, the Thomases contend, were the Lynns' agents. Therefore, argue the Thomases, the fourth element of the doctrine of res judicata is not present and the doctrine does not bar the second action against the Lynns. We disagree.
Whether the same cause of action is alleged in the original lawsuit and the subsequent lawsuit depends upon whether the issues in the two causes of action are the same and whether the same evidence would support a recovery in both lawsuits. Dominex, Inc. v. Key, 456 So.2d 1047 (Ala.1984). "Regardless of the form of the action, the issue is the same when it is supported in both actions by substantially the same evidence. If it be so supported, a judgment in one action is conclusive upon the same issue in any suit, even if the cause of action is different." Garris, supra, at 537 So.2d 914 (emphasis supplied).
Here, there is no question that a recovery by the Thomases against the Lynns, whether the Lynns were acting directly and personally as the defrauding parties or were acting as principals directing the fraud through agents, would depend upon substantially the same evidence. The Thomases' allegations in the second action could have been litigated in the first action and would have been decided based on the same evidence as that to be offered in the first action. The doctrine of res judicata bars the Thomases' second action against the Lynns. Wheeler v. First Alabama Bank of Birmingham, 364 So.2d 1190, 1199 (Ala.1978). See, also, Garris, supra. Therefore, as to the Lynns, we affirm the dismissal.
We reach a different conclusion, however, as to the remaining defendants Forsythe Farm and Realty, Inc.; Carmichael; and Radford. In the previous action, the Thomases named as defendants only the Lynns, who were the previous owners of the land and the mobile home. The allegations of fraud contained in the Thomases' first complaint were directed solely against the Lynns, and the judgment entered in the first action was entered solely in favor of the Lynns. None of the remaining defendants were named in, nor did they participate in any way in, the first action.
The interests of Forsythe, Carmichael, and Radford were not represented (nor even referred to) by the Lynns in the previous action; therefore, the judgment for the Lynns in the first action was not based upon "substantially the same evidence" as would be necessary to support a judgment against Forsythe, Carmichael, and Radford. But more fundamentally, these parties were not parties to, nor were they in *617 privity with the parties to, the previous action. Wheeler v. First Alabama Bank of Birmingham, supra.
Forsythe, Carmichael, and Radford strongly contend that certain language in Dairyland Ins. Co. v. Jackson, 566 So.2d 723 (Ala.1990), compels an affirmance of the judgment of dismissal. The language they rely upon relates to the "party identity" element of res judicata:
"The elements of res judicata, or claim preclusion, are (1) a prior judgment on the merits, (2) rendered by a court of competent jurisdiction, (3) with substantial identity of the parties, and (4) with the same cause of action presented in both suits. Hughes v. Allenstein, 514 So.2d 858, 860 (Ala.1987). If those four elements are present, any claim that was or could have been adjudicated in the prior action is barred from further litigation. Dairyland was not a party to the prior action, and Reaves was not a party to the instant action. However, the `party identity criterion of res judicata does not require complete identity, but only that the party against whom res judicata is asserted was either a party or in privity with a party to the prior action or that the non-party's interests were adequately represented by a party in the prior suit, and the relationship between the party and non-party is not so attenuated as to violate due process.' Whisman v. Alabama Power Co., 512 So.2d 78, 82 (Ala.1987) (citations omitted). Because Jackson was a party to both actions, and is the party against whom res judicata was asserted, the party identity criterion was met."
566 So.2d at 725-26.
The critical language in question here is "[T]he `party identity criterion of res judicata does not require complete identity, but only that the party against whom res judicata is asserted was either a party or in privity with a party to the prior action....'"
These three appellees would have this Court apply that abstract language literally and hold that, because the plaintiffs are the same in both actions, the "party identity criterion" has been met and thus that the appellees' res judicata defense was properly sustained. Indeed, the last sentence of the above-quoted portion from Dairyland seems to support this conclusion.
The explanation for this apparent conflict is quite simple: In each of the cases using this "identity of the parties" language, the identity with respect to the party asserting the res judicata defense was not in issue.[1] To apply this "party identity" language from Dairyland in the context of the present case would be totally inconsistent with the classical statement of the res judicata doctrine, as expressed in the first sentence of the paragraph quoted from Dairyland (particularly "(3) with substantial identity of the parties").
The doctrine of res judicata (or its allied doctrine of estoppel by judgment) was incorrectly applied by the trial court to bar the Thomases' claims against Forsythe, Carmichael, and Radford; therefore, that portion of the judgment dismissing the Thomases' complaint against Forsythe Farm and Realty, Inc.; Dorothy Carmichael; and Sherry Radford, is reversed; and the cause is remanded for proceedings consistent with this Court's opinion.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.
HORNSBY, C.J., and ALMON, ADAMS, HOUSTON and KENNEDY, JJ., concur.
MADDOX, J., concurs in the result.
MADDOX, Justice (concurring in the result).
I concur in the result reached in this case, not because the case upon which appellees *618 rely, Dairyland Ins. Co. v. Jackson, 566 So.2d 723 (Ala.1990), is distinguishable, but because I believe that the result reached is consistent with my view of the law relating to the "identity of parties" element of the principle of res judicata that I expressed in a dissenting opinion in Century 21 Preferred Properties, Inc. v. Alabama Real Estate Commission, 401 So.2d 764 (Ala.1981). In that case, real estate franchisees brought an action in a state court, challenging, on state law grounds, advertising regulations of the Alabama Real Estate Commission. Other real estate franchisees of Century 21 had previously filed a similar action in the federal district court in Mobile. This Court held that the state action was barred by the doctrine of res judicata, because "both the federal and state claims arose from a common nucleus of operative fact; and [because] the parties to both causes were substantially identical." 401 So.2d at 770. As I pointed out earlier, I dissented in that case, because I did not believe that the doctrine of res judicata should have applied there. It is on that basis that I concur in the result here, but I must state that I think the appellees are right when they say Dairyland supports the trial court's order, because the language in Dairyland is merely a restatement of language from Century 21 that I thought was erroneous.
The majority, responding to the appellees' argument that Dairyland is dispositive of the res judicata issue, states: "appellees would have this Court apply that abstract language literally and hold that, because the plaintiffs are the same in both actions, the `party identity criterion' has been met and thus the appellees' res judicata defense was properly sustained." 620 So.2d at 617. The majority recognizes the Dairyland test, and, in the opinion, the majority admits that "[i]ndeed, the last sentence of the above-quoted portion from Dairyland seems to support this conclusion." 620 So.2d at 617. The majority attempts to distinguish Dairyland, and, in a footnote to its opinion, says:
"The critical language from Dairyland, as indicated therein, was quoted from Whisman v. Alabama Power Co., 512 So.2d 78 (Ala.1987), which cited Wheeler v. First Alabama Bank of Birmingham, 364 So.2d 1190 (Ala.1978), which cited Geer Brothers, Inc. v. Crump, 349 So.2d 577 (Ala.1977), which cited Suggs v. Alabama Power Co., 271 Ala. 168, 123 So.2d 4 (1960). It is clear from the text of each of these cases that the party who asserted the res judicata defense was also a party to the prior action."
620 So.2d at 617 n. 1.
What the majority does not say is that the holding in Whisman v. Alabama Power Co., 512 So.2d 78 (Ala.1987), was based, in part, upon the following language from Century 21:
"Judgments can bind persons not party (or privy) to the litigation in question where the nonparties' interests were represented adequately by a party in the original suit. Southwest Airlines Co. v. Texas International Airlines, 546 F.2d 84, 94-95 (5th Cir.1977). A person may be bound by a judgment even though not a party to a suit if one of the parties to the suit is so closely aligned with his interests as to be his virtual representative. Aerojet-General Corporation v. Askew, 511 F.2d 710, 719 (5th Cir.1975). Moreover, if a party has a `sufficient "laboring oar" in the conduct' of the litigation, then the principle of res judicata can be actuated. Montana v. U.S., 440 U.S. 147, 155, 99 S.Ct. 970, 974, 59 L.Ed.2d 210 (1979)."
401 So.2d at 770. Although I think the rule of law relating to the "identity of the parties" element of res judicata set out in Dairyland does support the appellees' argument, and that Dairyland is not distinguishable, I believe the best way to put at rest this issue is to decide that the rule of law initially set out in Century 21 was incorrect and that the successor cases of Whisman and Dairyland were likewise incorrectly *619 decided and that each should be overruled.[2]
NOTES
[1] The critical language from Dairyland, as indicated therein, was quoted from Whisman v. Alabama Power Co., 512 So.2d 78 (Ala.1987), which cited Wheeler v. First Alabama Bank of Birmingham, 364 So.2d 1190 (Ala.1978), which cited Geer Brothers, Inc. v. Crump, 349 So.2d 577 (Ala.1977), which cited Suggs v. Alabama Power Co., 271 Ala. 168, 123 So.2d 4 (1960). It is clear from the text of each of these cases that the party who asserted the res judicata defense was also a party to the prior action.
[2] I concurred in Dairyland only because it appeared to me that the rule set out in Century 21 regarding the identity-of-parties criterion was the law. I had dissented in Century 21, and also in Whisman v. Alabama Power Co., 512 So.2d 78 (Ala.1987), which is cited in Dairyland. Having dissented twice, I thought that the law expressed in those opinions, even though erroneous, was going to be applied. Because the Court, in this opinion, reaches the result that I thought should have been reached in Century 21 and in Whisman, I concur in the judgment.