L. CHARLES WRIGHT, Retired Appellate Judge.
This case comes to us for the second time. See Segers v. Segers, 655 So.2d 1014 (Ala.Civ.App.1995). The original judgment of divorce was entered in July 1988. It was ordered in the judgment that title to the house property would vest in the wife. The husband was required to maintain the mortgage payments on the property so long as the wife occupied the premises. Should the wife abandon the premises, she was required to convey the title to the husband.
Thereafter, an action was broúght by the wife against the husband for his failure to make the mortgage payments. The husband defended the action by claiming abandonment of the premises by the wife and that his obligation had been terminated by discharge in bankruptcy. After a hearing the trial court entered a judgment on the issue of abandonment of the premises and on whether the original order was for a property settlement or whether it was an order for periodic alimony and, thus, not dischargeable *460 in bankruptcy. It found that the wife had breached the order of divorce by abandoning the premises. However, it found that the property was titled in the wife, that the husband had not claimed title for the breach of abandonment, that the wife should retain title,.and that the husband “should have no right, title, or interest therein.”
As to the issue of whether the obligation for the husband to make the mortgage payments constituted a property settlement or was periodic alimony, the court found it to be a property settlement and, thus, dischargea-ble in bankruptcy.
The wife appealed from the judgment of February 1994. The husband did not cross-appeal. This court, by judgment entered on January 6, 1995, found that the dispositive issue was whether the original order requiring mortgage payments was a property settlement or was for periodic alimony. We determined it to be for alimony and reversed the judgment of the circuit court on its finding that the mortgage payments were merely a property settlement.
On remand, the trial court entertained a motion by the former wife that the court enter a judgment according to the mandate of this court. The trial court filed a request of this court for clarification of its mandate. This court, upon determination that time for review of the judgment by rehearing or cer-tiorari had expired, denied the request. Thereupon, the trial court ordered a hearing on the motion of the wife.
After hearing and argument, the trial court entered a judgment, denying the relief requested by the wife because of its finding of fact in its previous decree that the wife had breached the provision of the original decree by abandoning the home. The wife appeals from the last judgment.
The trial court erred by revisiting its previous judgment which was appealed to this court and the issues presented therein decided. This court will not now reconsider its judgment. Nor may the trial court reconsider its judgment which was appealed.
By that judgment the trial court found that the wife had abandoned the home, thereby breaching the terms of the original decree of divorce. However, the court further found that such a breach would not cause title to the property to revert to the husband because he had not made claim for it. The trial court by its judgment said the following:
“Since the property is titled in the name of the plaintiff and the defendant makes no claim thereto, the court finds that the plaintiff shall have the full right, title, and interest in and to said property the defendant shall have no right, title, or interest therein.”
The husband did not appeal from that judgment, nor did he cross-appeal after the appeal of the wife. This court did not consider the finding of the trial court on that issue. Therefore, that part of the judgment remains as the law of the case, whether right or wrong. It is due to be enforced and cannot be reheard. McConico v. Robinson, 585 So.2d 1283 (Ala.1991); Whisman v. Alabama Power Co., 512 So.2d 78 (Ala.1987).
The judgment of the trial court of June 26, 1995, denying to the wife the enforcement of her divorce decree is reversed. The case is remanded for further proceedings as deemed necessary.
The foregoing opinion was prepared by Retired Appellate Judge L. CHARLES WRIGHT while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975.
REVERSED AND REMANDED FOR FURTHER PROCEEDINGS.
ROBERTSON, P.J., and YATES and CRAWLEY, JJ., concur.