HOUSTON, Justice.
Helen G. Dixon and Ronald V. Dixon, wife and husband, sued Liberty National Life Insurance Company (“Liberty National”) based on a claim that Liberty National had misrepresented the nature of a cancer policy it had sold them in 1990. The Dix-ons purchased the 1990 policy as a replacement for a policy Liberty National had issued to the Dixons in 1987; Helen Dixon was the policyholder' of the 1987 policy. The Dixons alleged that Liberty National’s misrepresentations caused them to purchase the 1990 policy in Ronald Dixon’s name. This change in policyholders resulted in increased premiums and commissions. The Dixons filed this action in the Circuit Court of Mobile County, which, after the parties had conducted limited discovery, entered a summary judgment for Liberty National. The Dixons appealed.
Before they filed this action, the Dixons had been class members in a class action styled Robertson v. Liberty National Life Insurance Co. (Barbour County, CV-92-021) (“Robertson ”). Robertson concerned claims arising from Liberty National’s policy of exchanging “old” cancer policies for “new” cancer policies with reduced benefits. In 1987, the Dixons were issued a “new policy” in the name of Helen Dixon to replace an “old policy” in the name of Ronald Dixon, which the Dixons had purchased in 1976. That 1987 transaction qualified them as members of the Robertson class. The Dixons’ current claim arises from the 1990 sale of a “new policy” in the name of Ronald Dixon to replace the “new policy” issued in 1987. The issue before us in this case is whether a release clause in the Robertson settlement agreement provided an adequate ground for the summary judgment against the Dixons. We hold that it did not.
The key language of the settlement agreement that we must consider reads:
“Named plaintiff ... and each class member ... do ... release Liberty National ... from all claims ... based upon ... any other transaction ... resulting in the issuance of a new policy providing cancer coverage for a class member previously insured under an old policy.”
(Emphasis added.) (R. 123.)
Liberty National argues that because the Dixons were members of the Robertson class, they are precluded from bringing this action. The Dixons contend that, under the express terms of the settlement agreement, the issuance of the 1990 policy to the Dixons was not part of Liberty National’s cancer-policy exchange program and was not contemplated by the Robertson release. We agree.
Robertson came before this Court on the appeal of objecting class members. See Adams v. Robertson, 676 So.2d 1265 (Ala.1995). We affirmed the judgment of the trial court. Appended to Justice Kennedy’s opinion in Adams v. Robertson was the trial court’s “Findings of Fact and Conclusions of Law” and its “Order and Final Judgment.”
The Robertson “Order and Final Judgment” reads in relevant part:
“Consistent with the Findings of Fact and Conclusions of Law entered contemporaneously herewith ... defendant Liberty National ... [is] hereby released from all claims, causes of action and liabilities which were or could be asserted by or on behalf of any Class Members, which relate to the alleged cancer exchange programs or the re *947 leased claims as defined in the Stipulation of Settlement.”
676 So.2d at 1307.
In its “Findings of Fact,” the trial court stated:
“As is customary, the Settlement contains a release of class members’ claims.... The Court further finds that the release is not intended to cover, and does not cover, representations, suppression or other conduct unrelated to the cancer exchange programs.”
676 So.2d at 1297.
The “cancer exchange programs” referred to in those documents are the programs Liberty National instituted to exchange “old policies” for “new policies” in an effort to limit certain benefits. Those programs were the subject of the Robertson action. The Dixons’ claim arises from the issuance of a “new policy” to Ronald Dixon in exchange for a “new policy” that had been issued earlier to Helen Dixon, an exchange the Dixons claim resulted in their having to pay larger premiums for the same coverage. This exchange exhibited none of the characteristics of the “cancer exchange programs” referred to in Robertson and was unrelated to those programs. Thus the Dixons’ present claim is not barred by the settlement agreement enforced in the Robertson class action.
Nor is the Dixons’ present claim barred by the doctrine of res judicata. For a claim to be barred by that doctrine, the following elements must be present: (1) there must have been a prior judgment on the merits; (2) that prior judgment must have been rendered by a court of competent jurisdiction; (3) there must be a substantial identity of the parties in the prior action and those in the present action; and (4) the same cause of action must have been presented in both actions. Parmater v. Amcord, Inc., 699 So.2d 1238, 1240 (Ala.1997). This action presents a different cause of action from that presented in Robertson, because the same evidence would not support a recovery in both actions. Garris v. South Alabama Prod. Credit Ass’n, 537 So.2d 911 (Ala.1989).
We conclude that the class-action settlement agreement enforced by the trial court’s order and final judgment in Robertson and approved by this Court in Adams v. Robertson, supra, does not bar the claims presented by the Dixons in this present action.
The judgment of the trial court is reversed, and the case is remanded for proceedings consistent with this opinion.
REVERSED AND REMANDED.
HOOPER, C.J., and SEE, BROWN, and ENGLAND, JJ., concur.