[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 09-13652
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 2, 2010
JOHN LEY
CLERK

D.C. Docket Nos. 08-02134-CV-AR-S, 02-81388-JAC-7

IN RE:     SCOTT A. MCDONALD,
           DENISE L. MCDONALD,

                                        Debtors.

_____

SCOTT A. MCDONALD,
DENISE L. MCDONALD,

                                        Plaintiffs-Appellees,
                                        Cross-Appellants,

                         versus

REDSTONE FEDERAL CREDIT UNION,

                                        Defendant-Appellant,
                                        Cross-Appellee.

_____

Appeals from the United States District Court
for the Northern District of Alabama

_____

(April 2, 2010)

Before TJOFLAT, WILSON and COX, Circuit Judges.

PER CURIAM:

This dispute over approximately $7,000 between the creditor, Redstone Federal Credit Union, and debtors, Scott A. McDonald and Denise L. McDonald, comes to this court after seven years of on-and-off litigation. The following is a summary of the numerous judicial and collateral proceedings involving this controversy, taken from both the bankruptcy and district courts' opinions.

(1) On August 24, 2001, after the District Court of Madison County had entered a default judgment against McDonald, Redstone recorded a judgment of $6,819.28 against McDonald in the Probate Office of Madison County, Alabama, pursuant to ALA. CODE §§ 6-9-210 and 6-9-211 (1975). On this date, McDonald owned a one-half undivided interest with his wife, Denise Lynn McDonald, in a property in which they resided in Madison County that is the subject of this action.

(2) On March 25, 2002, the McDonalds filed a Chapter 7 petition in the Bankruptcy Court for the Northern District of Alabama. The McDonalds listed their homestead as exempt property, stating that its value was $68,000, with secured claims against the property totaling $58,594.59. In Schedule F, the McDonalds listed Redstone as an unsecured creditor and noted that Redstone had a judgment against McDonald for $7,555.18. Redstone did not object to any claim of exemption under

2

Bankruptcy Rule 4003, nor did McDonald move to avoid Redstone's judgment lien under 11 U.S.C. § 522(f). The bankruptcy court granted the McDonalds Chapter 7 discharge on July 22, 2002, and closed the case.

(3) On September 3, 2003, the McDonalds moved to reopen their bankruptcy case in order to file a motion to avoid Redstone's judgment lien. Redstone objected, arguing that it made McDonald aware of the judgment while the case was pending. The court denied McDonald's motion based on the doctrine of laches.

(4) Thereafter, Redstone filed for a writ of execution on the property, and the District Court of Madison County issued this new writ. McDonald then filed a claim of exemption notice. On February 10, 2004, the District Court of Madison County granted McDonald's exemption claim and dismissed Redstone's writ of execution. Redstone failed to contest McDonald's claim of exemption, and did not appeal the dismissal of the writ.

(5) Four years later, on March 19, 2008, the McDonalds refinanced their property. They obtained a mortgage from JP Morgan Chase Bank. This mortgage incorporated a second mortgage to Worldwide Lending.

(6) Subsequently, on March 28, 2008, Redstone filed a judicial foreclosure complaint in the Madison County Circuit Court to enforce its lien. McDonald filed a motion for summary judgment, which the court granted. Redstone then moved for

a vacation of the judgment. On September 16, 2008, the Madison County Circuit Court granted Redstone's motion. The court reinstated the case. However, the court issued a stay pending the outcome of the action in the bankruptcy court which was reopened.

(7) On August 19, 2008, McDonald filed a motion with the bankruptcy court to reopen the Chapter 7 case in order to file a complaint against Redstone for injunctive relief. McDonald sought a contempt citation, alleging that Redstone had violated the bankruptcy discharge. The court granted McDonald's motion to reopen.

(8) On October 9, 2008, the bankruptcy court entered an order refusing to enjoin Redstone from proceeding in the Madison County Circuit Court. The bankruptcy court gave two reasons for its order. First, the court found that prior to the bankruptcy discharge in 2002, McDonald did not move pursuant to § 522(f) to avoid the lien. As a result, Redstone had a lien on McDonald's property which Redstone was entitled to enforce. Second, the court found that in 2003, McDonald did not appeal its order denying the motion to reopen the case. The court found that *res judicata* resulted. Accordingly, the court found that Redstone did not violate the discharge injunction, and therefore was not in contempt.

(9) McDonald appealed to the district court. On June 26, 2009, the district court affirmed the bankruptcy court's decision in part and vacated in part. The court

4

reversed the bankruptcy court's holding that a judgment lien existed on McDonald's homestead in Redstone's favor, because the district court found that no lien existed. The court reasoned, in part, that the lien did not attach because McDonald had less equity in the property than the amount of the Alabama homestead exemption. With respect to the bankruptcy court's holding that Redstone was not in contempt, the district court affirmed.

Both parties appeal to this court. Redstone appeals the district court's holding that it does not possess a judgment lien on McDonald's property. McDonald cross-appeals the district court's holding that Redstone is not in contempt and should not be enjoined from proceeding in the Madison County Circuit Court.

Redstone argues that the Alabama homestead exemption law does not dictate that the entire property becomes exempt if the debtor has less than $5,000 of equity in the property; instead, the homestead is exempt only to the extent of $5,000. Therefore, Redstone claims it had a lien on McDonald's property when he filed bankruptcy proceedings. Redstone claims that it was not required to object to McDonald's valuation of his property, but that McDonald was required to move to avoid Redstone's lien, which he did not.

McDonald counters that he was not required to file a § 522(f) lien because his claim of exemption was sufficient to exempt the property under Alabama bankruptcy

law; in other words, McDonald contends that the lien did not attach to his property because it was exempt from execution. Thus, the district court correctly held that no lien existed when McDonald filed for Chapter 7 relief, nor did a lien exist after discharge. Additionally, McDonald argues that Redstone waived any right to object to its exemption claim.

After review, we affirm. We need not reach the question of whether, under Alabama law, no lien attaches to real property when the debtor has less equity in the property than the amount of the homestead exemption, or instead, whether the real property is exempt only to the extent of the homestead exemption. Rather, we affirm because McDonald's homestead is exempt from levy and sale under execution as a matter of *res judicata*. As the district court wrote, as an alternative ground for the result it reached, "the fact that the homestead is exempt from levy and sale under execution became a matter of *res judicata* when the District Court of Madison County in 2004, expressly found that McDonald's homestead was exempt from levy and sale under execution." (Elec. R.14 at 19.)[1]

---

[1]The District Court of Madison County noted in its February 10, 2004 Order Dismissing Execution that McDonald filed a claim of exemption as to **personal** property and that Redstone did not contest the claim. Accordingly, the District Court of Madison County discharged Redstone's writ of execution. However, McDonald only claimed his real property as exempt, so the District Court simply made a mistake in describing the property as personal property. We agree with the district court that the District Court of Madison County found that McDonald's homestead was exempt from execution.

The elements of *res judicata* in Alabama are "(1) a prior judgment on the merits, (2) rendered by a court of competent jurisdiction, (3) with substantial identity of the parties, and (4) with the same cause of action presented in both suits." *Dairyland Ins. Co. v. Jackson*, 566 So. 2d 723, 725 (Ala. 1990) (citation omitted). The doctrine of *res judicata*

> involves prior litigation between a plaintiff and a defendant, which is decided on the merits by a court of competent jurisdiction, and then a subsequent attempt by the prior plaintiff to relitigate the same cause of action against the same defendant, or perhaps to relitigate a different claim not previously litigated but which arises out of the same evidence. Alabama law is well settled that this will not be allowed. A valid, final judgment on the merits of the claim extinguishes the claim. If the plaintiff won, the claim is merged into the judgment; if the defendant won, the plaintiff is barred from relitigating any matter which *could have* been litigated in the prior action.

*Whisman v. Alabama Power Co.*, 512 So. 2d 78, 81 (Ala. 1987) (citation omitted).

In this case, the four elements necessary to establish *res judicata* are present. There is a prior judgment on the merits on McDonald's claim that his homestead property is exempt from execution by Redstone. The 2004 judgment was rendered by the District Court of Madison County, a court of competent jurisdiction. The substantial identity of the parties element is also met–McDonald and Redstone are parties in both the current action as well as the 2004 action, when the District Court of Madison County granted McDonald's claim of exemption. Last, the same cause

7

of action was present in both actions. Redstone is now seeking to establish it has a lien on McDonald's property. However, as the district court correctly found, if the 2004 finding by the District Court of Madison County that McDonald's property is exempt is correct, then a judgment lien could not have attached. (Elec. R.14 at 19.) For reasons that we do not know, Redstone did not object to the order exempting McDonald's real property or appeal the decision. Accordingly, McDonald's real property is exempt as a matter of *res judicata*.

McDonald's cross-appeal that the district court's affirmance of the bankruptcy's court's decision to not sanction Redstone or issue an injunction against it is without merit. The bankruptcy court's order denying the McDonald's first motion to reopen the case on September 3, 2003 opined that Redstone *did* have a lien on McDonald's property. Therefore, it cannot be said that Redstone did not act in good faith in attempting to execute its judgment.

**AFFIRMED.**