**BROADCAST MUSIC, INC., Plaintiff,**

v.

**CBS INC., Defendant.**

**No. 76 Civ. 4483.**

United States District Court,
S. D. New York.

Dec. 8, 1976.

---

Hughes, Hubbard & Reed, New York City, for plaintiff; Amalya L. Kearse, George A. Davidson, Pamela R. Chepiga, New York City, of counsel.

Cravath, Swaine & Moore, New York City, for defendant; Alan J. Hruska, R. John Cooper, New York City, of counsel.

## MEMORANDUM

LASKER, District Judge.

In this latest round in a history of litigation reaching into the past decade BMI, plaintiff in a reversal of roles from earlier stages, moves for a preliminary injunction restraining CBS from relitigating a copyright misuse claim which it is alleged has already been tried and determined in this court. The motion is granted.

The issue turns on two questions:

1) Is CBS relitigating a copyright misuse claim which has been tried and determined in this court; and

2) If so, is BMI suffering injury such as to justify injunctive relief.

The answer to both questions is in the affirmative.

In 1969 CBS instituted suit against BMI and the American Society of Composers and Authors (ASCAP) complaining that the system by which ASCAP and BMI issued flat-fee blanket licenses for the right to perform on television compositions from their respective repertories violated §§ 1 and 2 of The Sherman Act. 15 U.S.C. §§ 1 and 2. CBS also sought injunctive relief and a declaration of copyright misuse under 28 U.S.C. §§ 2201ff.

After years of preparation for trial, and a trial of two months the complaint was dismissed. *Columbia Broadcasting System v. American Society of Composers,* 400 F.Supp. 737, 783 (S.D.N.Y.1975). Final judgment has not been entered because of the pendency of ASCAP counterclaims against CBS which had been severed before trial. Appeal of the denial of the injunctive relief requested is nevertheless pending, after argument, before the Court of Appeals under 28 U.S.C. § 1292(a).

In January 1975 BMI instituted an action in New York Supreme Court alleging a breach of contract. In partial answer CBS asserted as a fourth affirmative defense the claim that the procedure by which BMI licenses music for performance by CBS on television violates §§ 1 and 2 of the Sherman Act and that "Plaintiffs and its members are thus guilty of misusing the copyrights in the BMI pool and are therefore barred from any recovery in this [state court] action."

CBS moved in the state court action for summary judgment on the fourth affirma-

tive defense. BMI countermoved on the grounds that CBS' defense was barred as *res judicata* by the decision in the earlier federal action. At oral argument the state judge "strongly suggested" that the motions be referred to a referee to hear and report, and the parties consented to the judge's suggestion. On October 6, 1976 BMI (and presumably CBS) was notified that the state court had granted the referee the powers specified in New York C.P.L.R. § 4201 including the powers to subpoena witnesses and to permit additional discovery. Anticipating the plenary or near plenary reopening of an agonizingly long and expensive litigation as to issues which it deemed to have been determined BMI brought this suit and moved for a preliminary injunction.

BMI's position is simple and direct. It argues that the 1975 opinion of this court at 400 F.Supp. 737 (S.D.N.Y.1975) decided the very issues framed in CBS' fourth affirmative defense and that that defense is therefore barred as *res judicata.*

Since the CBS claims alleged in the earlier federal case and its defense in the state action are beyond question the same, and since they were rejected in the earlier federal case one wonders what can be said in refutation of BMI's position. What CBS says is 1) the federal court did not decide the issue put before the state court. This is so, the argument runs, because although the earlier decision determined that AS-CAP's right to license its members compositions was not effectively exclusive—indeed determined that licensing by ASCAP members direct to CBS had not been shown to be impracticable—it made no such finding as to BMI: ergo the matter is not *res judicata.* 2) Even if the issue is *res judicata* a preliminary injunction is inappropriate because BMI will suffer no irreparable injury if an injunction is denied.

As to the primary argument, there are several short and dispositive answers. First, even if it were the case, which it is not, that the decision at 400 F.Supp. 737 (S.D.N.Y.1975) made no specific finding as to the effect of the exclusivity provision in

BMI's license agreement with its writers and publishers, it nevertheless did determine the *issue* whether BMI's method of licensing television networks violated the Sherman Act or constituted copyright misuse. This is the precise issue which CBS' fourth affirmative defense seeks to present to the state court, and it is the determination of the *issue* that renders the matter *res judicata.*

"[T]hree factors are required to support a defense of *res judicata* : (1) there must have been a 'final judgment on the merits' in the prior action; (2) the identical issues sought to be raised in the second action must have been decided in the prior action; and (3) the party *against* whom the defense is asserted must have been a party or in privity with a party to the prior action." *Kreager v. General Electric Co.,* 497 F.2d 468, 471–72, (2d Cir.) *cert. denied,* 419 U.S. 861, 95 S.Ct. 111, 42 L.Ed.2d 95 (1974) (emphasis in original).

In any event, the court made a direct and unconditional finding on the question at 400 F.Supp. 782:

"5. The claim that ASCAP members and BMI affiliates are guilty of copyright misuse must be dismissed because CBS has failed to establish that the members or affiliates of ASCAP or BMI have refused or would refuse to license their compositions on a direct licensing basis, or otherwise used their collective leverage to compel CBS to license rights to music which it did not wish to license."

Finally, as indicated at footnote 9 of the earlier federal decision, BMI and CBS stipulated in that action that with respect to the practicability of CBS' obtaining direct licenses from BMI writers and publishers, BMI and CBS were to be bound by the determination in that case with respect to the practicability of CBS' obtaining direct licenses from ASCAP writers and publishers. Accordingly, the finding that it was practicable for CBS to obtain direct licenses from ASCAP members bound CBS (and BMI) with regard to the practicability of securing such licenses directly from BMI

writers and publishers. CBS suggested on the application for a temporary restraining order and on this motion that the intent of the stipulation was solely to withdraw the stipulated material from the case; not to constitute consent by CBS that the matter be automatically determined by the trial court on the basis of the finding as to ASCAP. There is no merit to the argument. Nothing in the text of the stipulation (see Exhibit D to Affidavit of George A. Davidson in support of the motion) or in the record of the earlier case for a moment suggests that the purpose of the stipulation was to sever the factual issue from the body of the case.

The question remains whether a preliminary injunction should be issued. CBS' suggestion that BMI will suffer no irreparable injury if relief is not now granted is fanciful. The waste inherent in the enormously expensive relitigation of matters which have been definitively determined constitutes irreparable injury in itself. But there are other considerations. However unlikely the possibility that a state court determination of the issue might be inconsistent with the federal ruling, the possibility itself casts a shadow over BMI's business methods which is an injury sufficiently irreparable to warrant relief. Moreover, the courts, both federal and state, are burdened enough without having their calendars cluttered by the redetermination of matters already decided or being used as tactical mechanisms in the wars between economic giants.

The motion for preliminary injunction is granted.

Submit order on notice.