13-35-cv
Burberry Ltd. v. Horowitz

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY THIS COURT'S LOCAL RULE 32.1.1 AND FEDERAL RULE OF APPELLATE PROCEDURE 32.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 28th day of August, two thousand thirteen.

Present:     REENA RAGGI,
             SUSAN L. CARNEY,
                  *Circuit Judges*,
             JED S. RAKOFF,
                  *District Judge.*\*

---

BURBERRY LIMITED, a United Kingdom corporation,
BURBERRY LIMITED, a New York corporation,

        *Plaintiffs-Appellants,*

        v.     No. 13-35-cv

ASHER HOROWITZ,

        *Defendant-Appellee.*

---

FOR APPELLANTS:     MILTON SPRINGUT (Tal S. Benschar, *on the brief*), Springut Law, PC, New York, NY.

---

\* The Honorable Jed S. Rakoff, United States District Judge for the Southern District of New York, sitting by designation.

FOR APPELLEE: NICHOLAS JOSEPH FORTUNA (Paula Lopez, *on the brief*), Allyn & Fortuna LLP, New York, NY.

Appeal from the United States District Court for the Southern District of New York (Paul A. Crotty, <u>Judge</u>).

**UPON DUE CONSIDERATION**, it is hereby **ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court is **AFFIRMED**.

Plaintiffs-Appellants Burberry UK and Burberry USA ("Burberry") appeal from the District Court's November 26, 2012 order dismissing their complaint on res judicata grounds. The District Court concluded that Burberry's trademark infringement action against Defendant-Appellee Asher Horowitz was precluded by a judgment entered in an earlier action that Burberry brought against Designers Imports.Com USA, Inc. ("Designers Imports"). In that action (the "First Action"), the District Court determined after a bench trial that Designers Imports sold counterfeit Burberry merchandise, and found Designers Imports liable for various trademark infringement claims. The court awarded Burberry damages in the amount of $1.5 million, plus interest, and injunctive relief.

Nineteen months later, Burberry filed suit against Horowitz individually in a new federal proceeding (the "Second Action"). In this complaint — the dismissal of which Burberry now appeals — Burberry seeks to hold Horowitz "individually liable for the same wrongful acts" as those underlying the judgment in the First Action. Complaint ¶ 2, <u>Burberry Ltd. v. Horowitz</u>, No. 12 Civ. 1219, 2012 WL 5904808 (S.D.N.Y. Nov. 26, 2012) ("Second Compl."). Burberry alleges in the Second Action that Horowitz was "the principal, sole shareholder and sole officer" of Designers

2

Imports during the infringement-related events at issue in the First Action. Burberry does not dispute that it knew those facts during its prosecution of the First Action. We assume the parties' familiarity with the facts, procedural history, and issues on appeal, to which we refer only as necessary to explain our decision to affirm.

We review *de novo* a district court's ruling that res judicata bars a claim, see Hanrahan v. Riverhead Nursing Home, 592 F.3d 367, 368 (2d Cir. 2010), as we do the court's decision to dismiss a complaint under Federal Rule of Civil Procedure 12(b)(6), see Gatt Commc'ns, Inc. v. PMC Assocs., L.L.C., 711 F.3d 68, 74 (2d Cir. 2013). On review, we "accept[ ] as true factual allegations made in the complaint, and draw[ ] all reasonable inferences in favor of the plaintiffs." Town of Babylon v. Fed. Hous. Fin. Agency, 699 F.3d 221, 227 (2d Cir. 2012).

1.    Claim Preclusion

"The preclusive effect of a judgment is defined by claim preclusion and issue preclusion, which are collectively referred to as 'res judicata.'" Taylor v. Sturgell, 553 U.S. 880, 892 (2008). "Claim preclusion bars the relitigation . . . of claims that were, *or could have been*, brought in an earlier litigation between the same parties or their privies." Bank of N.Y. v. First Millennium, Inc., 607 F.3d 905, 919 (2d Cir. 2010). Here, the District Court concluded that claim preclusion barred Burberry's claims against Horowitz in the Second Action, a conclusion Burberry disputes.

District courts, with our approval, have often invoked claim preclusion to bar a successive action when a plaintiff — or a party with a sufficiently close

3

relationship with a plaintiff so as to be in "privity" with him — brings new claims against the same defendant arising out of the same facts as an earlier unsuccessful cause of action. See, e.g., Cieszkowska v. Gray Line N.Y., 295 F.3d 204, 206 (2d Cir. 2002) ("[Plaintiff] could have brought that cause of action in her prior action. Accordingly, the claims in her second . . . complaint are now barred by *res judicata* . . . ."); L-Tec Elecs. Corp. v. Cougar Elec. Org., Inc., 198 F.3d 85, 88 (2d Cir. 1999) (concluding that claims were barred by res judicata when plaintiff's "new claims [were] based on different legal theories rather than different facts and, accordingly, could have been raised in the original complaint").

Claim preclusion also bars a plaintiff who *prevails* in an earlier action from bringing new claims, based on the facts of the first action, against the same defendant or those in privity with the defendant. See Central Hudson Gas & Elec. Corp. v. Empresa Naviera Santa S.A., 56 F.3d 359, 367-68 (2d Cir. 1995). This principle — that claim preclusion bars a plaintiff from using successive actions to seek damages arising out of a single incident from parties known to be in privity with one another — promotes judicial efficiency and prevents piecemeal litigation, thereby supporting the objectives underlying preclusion doctrine. See Duane Reade, Inc. v. St. Paul Fire & Marine Ins. Co., 600 F.3d 190, 200 (2d Cir. 2010) (explaining the objectives of res judicata). We apply that rule here.

Burberry does not dispute that the causes of action and instances of infringement alleged in the First and Second Actions were precisely the same. Nor does Burberry offer any reason why it could not have joined Horowitz as a

4

defendant in the earlier action. Claim preclusion thus bars the instant action if Horowitz and Designers Imports were in privity: that is, if Horowitz had "a sufficiently close relationship to" Designers Imports "to justify preclusion." Central Hudson, 56 F.3d at 368.

### 2.   Privity

Determining whether two parties are in privity "often requires a court to inquire whether a party controlled or substantially participated in the control of the presentation on behalf of a party to the prior action." Id. (alterations and internal quotation marks omitted). These factors have been identified most frequently as controlling the res judicata analysis as to a plaintiff seeking a second bite at the litigation apple, not as to a defendant seeking (as Horowitz does here) to avoid being sued individually after a party with which he is in privity has been held liable. Nonetheless, because Burberry was aware during the First Action of the close relationship between Horowitz and Designers Imports and Horowitz's role in defending the First Action, we see no reason not to apply the same analysis here, even acknowledging that its defensive use against a prevailing plaintiff may be unusual.

Although a shareholder is not ordinarily considered to be in privity with his corporation simply by virtue of his status as an equity owner, we have invoked privity and related preclusion principles when a shareholder — particularly a dominant one — controlled the prosecution of earlier litigation on behalf of a plaintiff corporation. See In re Teltronics Servs., Inc., 762 F.2d 185, 191 (2d Cir.

5

1985); Kreager v. Gen. Elec. Co., 497 F.2d 468, 471-72 (2d Cir. 1974). In In re Teltronics, for example, we found privity between an individual shareholder and a company where the individual was "founder, president, chairman of the board, and a substantial shareholder," and both "participated in and controlled" an earlier lawsuit brought on the company's behalf. 762 F.2d at 190-91. And in Kreager v. General Electric, we found privity where the "president and sole stockholder" of a company, id. at 470, "participated in and effectively controlled" earlier litigation prosecuted by the company, id. at 472. The president "was present in court throughout the trial, attended conferences in chambers and was the corporation's principal witness" in the first action. Id. In both Kreager and In re Teltronics, we concluded that the individual plaintiffs were barred by claim preclusion doctrine from bringing a second action, because they had already litigated their claims on behalf of their corporations and had lost. In re Teltronics, 762 F.2d at 191; Kreager, 497 F.2d at 472.

As alleged by Burberry, Horowitz's relationship with Designers Imports appears indistinguishable from those presented in Kreager and In re Teltronics. Burberry's complaint in the Second Action alleged that as "the sole shareholder of, officer of and decision maker for[ ] the Designers Imports corporation, defendant Horowitz controlled and directed Designers[ ] Imports['] participation in the Designers Imports Civil Action." Compl. ¶ 31. Horowitz "instructed the corporation's lawyers, made all client decisions for Designer Imports as a litigant in the case, and otherwise controlled the participation of Designers Imports in the

6

lawsuit." Id. ¶ 32. And, as "sole shareholder of Designers Imports, Mr. Horowitz had an economic interest in the outcome of the case." Id. ¶ 33. Horowitz does not dispute these allegations or his privity with Designers Imports. See Appellee's Br. at 21 ("It is undeniable from the allegations in the Action 2 complaint, the State Court action and the record in Action 1 that Horowitz is in 'privity' with Designers . . . ."). On these undisputed allegations, then, we conclude as a matter of law that Horowitz and Designers Imports are in privity, and that Burberry is therefore barred from bringing this Second Action against Horowitz, which it could have pursued in the First Action.

Burberry points to language in Central Hudson to argue that Horowitz's interests must be "identical" to those of Designers Imports in the First Action to be precluded in the second; because Horowitz was potentially liable in the First Action only as a corporate officer and not as an individual, Burberry asserts, there can be no bar. See Appellants' Reply Br. at 2 (quoting Central Hudson, 56 F.3d at 368). For example, Burberry argues that the damages award against Designers Imports in the First Action would extend only to corporate assets, whereas a judgment entered against Horowitz in the Second Action would permit Burberry to reach his individual assets.

Burberry's interpretation of privity doctrine is unduly restrictive. We took a broader approach in Alpert's Newspaper Delivery Inc. v. The New York Times Co., 876 F.2d 266 (2d Cir. 1989), for example. In Alpert's, a newspaper delivery service sued a newspaper alleging antitrust violations; the court granted summary

judgment to the defendant newspaper.  Id. at 267.  When a different delivery service — one related to the first through their membership in a trade organization — filed a second suit making similar claims against the same defendant newspaper, we concluded that the second action was barred.  Id.  Claim preclusion was appropriate, we reasoned, because the trade organization "was the admitted mastermind and financier of the [earlier] litigation and [was] providing similar tactical and financial help" in the second action, giving the two plaintiffs sufficient identity of interest to bar the second action.  Id. at 270.

Here, the interests of Horowitz and Designers Imports in the Designers Imports Action were no less aligned.  Indeed, if anything, one might expect the interests of a trade association and one of its members, as in Alpert's, to diverge more sharply than those of a corporation and its sole shareholder.  For example, although the trade association and its member might seek a similar outcome, the trade association in Alpert's — which had "amass[ed] a 'legal fund'" to litigate the issues, id. at 269 — might have concerns beyond the immediate case, such as creating generally applicable and unfavorable precedent.  Because Horowitz was the sole shareholder of Designers Imports — a fact known to Burberry at the time of the earlier action — every dollar that Designers Imports had to pay in damages was in effect a dollar from Horowitz's own pocket.  And, while we appreciate that the full extent of Horowitz's legal exposure might be somewhat different in the First and Second Actions (for example, with regard to injunctive relief or assets exposed to a judgment's execution), applying our precedent in Alpert's, we do not find these

8

differences significant enough to defeat a finding that Horowitz and the company were in privity for preclusion purposes.

3. What Privity Means for the Prior Money Judgment

Burberry asserts that if Horowitz and Designers Imports are in privity, the District Court should not use claim preclusion to prevent Burberry from pursuing this suit against Horowitz, but rather should simply enforce against him, personally, the earlier-entered $1.5 million judgment against the corporation. We disagree. As we explain further below, this argument mistakenly would have us apply the doctrine of privity, developed for res judicata purposes, as a premise for piercing the corporate veil.

As noted above, res judicata, and the related concepts of privity and claim preclusion, aim to promote judicial efficiency and prevent piecemeal litigation. These doctrines preclude a plaintiff from using successive actions to seek damages arising out of a single incident against the same defendant or those in privity with him. See Central Hudson, 56 F.3d at 367-68; see also Manicki v. Zeilmann, 443 F.3d 922, 926 (7th Cir. 2006) (applying Illinois law and stating, "Even if a plaintiff's right to relief arises from what is realistically viewed as a single episode, if it is a right against multiple parties — joint tortfeasors, if the right arises under tort law — he needn't join them in one suit, *unless there is privity among those parties*, for in that event separate suits against them are treated as the equivalent of separate suits against the same party." (emphasis added and citations omitted)); Hanger Prosthetics & Orthotics East, Inc. v. Henson, 299 F. App'x 547, 556 (6th Cir. 2008)

9

(concluding, under Tennessee law, that plaintiff's successful suit against a corporation barred the same plaintiff's subsequent suit against the corporation's "principals and owners" for the same tort); 18 Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 4407 (2d ed. 2013) ("A single plaintiff likewise has as many causes of action as there are defendants to pursue, . . . *subject to the constraint that claim preclusion may be invoked by a person in 'privity' with a former defendant* and may at times be invoked by a person who would not have been bound by the adverse effects of the judgment." (emphasis added)).

Actions to pierce the corporate veil, in contrast, are "used to hold individuals liable for the actions of a corporation they control." American Fuel Corp. v. Utah Energy Dev. Co., 122 F.3d 130, 134 (2d Cir. 1997). Veil-piercing actions are typically a matter of state corporate law, and in deciding whether to pierce the veil and impose personal liability on a participant in a corporate action, courts generally consider a variety of factors. These may include, for example, whether the controlling shareholder respected corporate formalities, whether the corporation was adequately capitalized, and whether the individual intermingled personal and corporate funds. See MAG Portfolio Consultant, GMBH v. Merlin Biomed Grp. LLC, 268 F.3d 58, 63 (2d Cir. 2001) (applying New York law). We need not here decide the degrees of similarity and difference in the privity and veil-piercing inquiries.[1] Burberry has already filed a veil-piercing action in New York state

---

[1] Although federal common law governs this case, we note that, under New York law, "a judgment in a prior action is binding not only on the parties to that action, but on those in privity with them." Green v. Santa Fe Indus., 70 N.Y.2d 244, 253, 519 N.Y.S.2d 793 (1987).

10

court, through which it seeks to hold Horowitz personally liable for the outstanding federal judgment against Designers Imports.[2] See J.A. 124-25. That litigation provides the appropriate vehicle for resolution of Burberry's claims against Horowitz individually. The state court can, of course, consider Horowitz's concession of privity in this action in applying state veil-piercing law.

Burberry could potentially escape the effects of claim preclusion in the Second Action if it did not know or could not have known during the First Action of Horowitz's close personal control of Designers Imports and that litigation. See Central Hudson, 56 F.3d at 368. But nowhere has Burberry made any suggestion to that effect. Because Horowitz and Designers Imports were in privity, Burberry was aware of that privity, and the claims against Horowitz were based on the same precise events and "*could have been*[ ] brought in [the] earlier litigation," Bank of N.Y., 607 F.3d at 919, we conclude that the District Court properly applied claim preclusion to bar Burberry's Second Action. The judgment dismissing Burberry's suit is AFFIRMED.

> FOR THE COURT:
> Catherine O'Hagan Wolfe, Clerk

---

[2] Burberry asks us to take judicial notice of two documents related to that veil-piercing action: the state court's denial of Horowitz's motion to dismiss, and Horowitz's Answer. We hereby grant that motion. A "court may take judicial notice of a document filed in another court not for the truth of the matters asserted in the other litigation, but rather to establish the fact of such litigation and related filings." Int'l Star Class Yacht Racing Ass'n v. Tommy Hilfiger U.S.A., Inc., 146 F.3d 66, 70 (2d Cir. 1998) (internal quotation marks omitted); see also Fed. R. Evid. 201(b).

11