NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**JAMES J. MAKSIMUK,**
*Appellant*

**v.**

**CONNOR SPORT COURT INTERNATIONAL, LLC,**
*Appellee*

---

2019-1156

---

Appeal from the United States Patent and Trademark Office, Trademark Trial and Appeal Board in No. 92066311.

---

Decided: May 13, 2019

---

JAMES J. MAKSIMUK, Palmdale, CA, pro se.

PETER M. DE JONGE, Thorpe North & Western, LLP, Salt Lake City, UT, for appellee. Also represented by JED H. HANSEN.

---

Before DYK, REYNA, and TARANTO, *Circuit Judges.*

PER CURIAM.

Connor Sport Court International, LLC holds Registration No. 2,479,328 for the word mark SPORT COURT associated with plastic, interlocking floor tiles in International Class 21. That registration issued in August 2001, and it has since become incontestable. *See* 15 U.S.C. § 1065. James J. Maksimuk also sells interlocking floor tiles through his company, CWF Flooring, Inc. Mr. Maksimuk petitioned the Trademark Trial and Appeal Board for cancellation of Connor's '328 registration, arguing that the SPORT COURT mark is generic. The parties filed several motions before the Board, including Connor's motion for summary judgment based on claim preclusion. The Board granted Connor's motion and dismissed the cancellation petition with prejudice, and Mr. Maksimuk now appeals. We affirm.

I

In January 2017, Connor sued CWF Flooring in the U.S. District Court for the District of Utah, alleging (among other things) infringement of Connor's SPORT COURT trademark by one of the domain names for CWF Flooring, "plasticsportcourttiles.com." App. 34–38. Before the district court, Mr. Maksimuk attempted to appear on behalf of CWF Flooring, but the court informed him that corporations must be represented by counsel. App. 54–55, 57. CWF Flooring never hired counsel. When CWF Flooring failed to respond to the complaint, the court entered a default judgment against it on August 10, 2017. App. 60–63. Referring to five registrations, including the '328 registration, the court found that "[t]he Sport Court Marks are distinctive and not generic." App. 61. The court enjoined CWF Flooring from using the domain name at issue because it is confusingly similar to Connor's SPORT COURT mark.

CWF Flooring timely appealed the default judgment to the U.S. Court of Appeals for the Tenth Circuit. App. 65.

But several days later, the Tenth Circuit abated CWF Flooring's appeal because the company was still not represented by counsel. App. 67–68. Mr. Maksimuk moved (among other things) to appear on behalf of CWF Flooring, but the Tenth Circuit denied the motion. App. 70–71. When CWF Flooring failed to hire counsel by the deadline, the Tenth Circuit dismissed its appeal for failure to prosecute on October 12, 2017. App. 73–74.

In June 2017, while the district-court proceedings were still pending, Mr. Maksimuk petitioned the Trademark Trial and Appeal Board to cancel Connor's '328 registration.[1] App. 77–81. Mr. Maksimuk argued that the SPORT COURT mark is generic.[2] Connor moved for summary judgment in the fall of 2017, after the district court had entered its judgment, arguing that the district-court judgment precluded Mr. Maksimuk from raising genericness in the Board proceeding. The Board determined that claim preclusion barred Mr. Maksimuk's cancellation petition, granted Connor's motion for summary judgment, and dismissed the petition with prejudice on June 22, 2018. App. 11–17. Mr. Maksimuk filed his notice of appeal with the Board on July 5, 2018. After Mr. Maksimuk sent his appeal

---

[1] The cover sheet for the cancellation petition lists CWF Flooring as the petitioner, but the petition itself lists Mr. Maksimuk as the petitioner. The Board assumed that the cover sheet reflected a clerical error, gave Mr. Maksimuk the benefit of the doubt that he was the proper petitioner, and granted his motion to amend the case caption accordingly. App. 10–11.

[2] Mr. Maksimuk also argued that the SPORT COURT mark is descriptive. But while incontestable marks may be challenged as generic, they may not be challenged as merely descriptive. *See* 15 U.S.C. § 1064(1), (3). Therefore, the Board read Mr. Maksimuk's petition as properly raising only the genericness issue. App. 7.

to two of our sister circuits, we eventually received it on October 25, 2018. We have exclusive jurisdiction over appeals from the Board under 28 U.S.C. § 1295(a)(4)(B).

## II

The Lanham Act grants parties in cancellation proceedings the right to appeal to this court: "[A] party to a cancellation proceeding . . . who is dissatisfied with the decision of the Director or Trademark Trial and Appeal Board[] may appeal to the United States Court of Appeals for the Federal Circuit . . . ." 15 U.S.C. § 1071(a)(1). It further indicates how the dissatisfied party must initiate the appeal:

> When an appeal is taken to the United States Court of Appeals for the Federal Circuit, the appellant shall file in the United States Patent and Trademark Office a written notice of appeal directed to the Director, within such time after the date of the decision from which the appeal is taken as the Director prescribes, but in no case less than 60 days after that date.

*Id.* § 1071(a)(2). The U.S. Patent and Trademark Office has promulgated a regulation interpreting the latter statutory provision: "The notice of appeal . . . must be filed with the Director no later than sixty-three (63) days from the date of the final decision of the Trademark Trial and Appeal Board or the Director." 37 C.F.R. § 2.145(d).

Connor argues that we do not have jurisdiction over Mr. Maksimuk's appeal because it was not filed within the 63 days prescribed by regulation. More specifically, Connor argues that Mr. Maksimuk was 62 days late because his deadline to submit his appeal to this court was August 24, 2018, but we did not receive it until October 25, 2018. But the statutory and regulatory provisions quoted above say nothing about when *this court* must receive the notice of appeal. Rather, the statute says that the appellant must

file "a written notice of appeal *directed to the Director*" by the Director-set deadline.  15 U.S.C. § 1071(a)(2) (emphasis added).  And the Director's regulation repeats that the notice of appeal "must be filed *with the Director*" within 63 days.  37 C.F.R. § 2.145(d) (emphasis added).  Because Mr. Maksimuk filed his notice of appeal only a couple of weeks after the Board issued its decision, he did what the relevant statutory and regulatory provisions require.

The Federal Rules of Appellate Procedure do not bar our review of Mr. Maksimuk's appeal.  The relevant rule states that "[r]eview of an agency order is commenced by filing, *within the time prescribed by law*, a petition for review with the clerk of a court of appeals authorized to review the agency order."  Fed. R. App. P. 15(a)(1) (emphasis added).  But Connor points to no source of law, besides the already-discussed provisions, that prescribes such a time limit.  We hold that we have jurisdiction to hear this appeal.[3]

---

[3]     Mr. Maksimuk appears to have violated this court's own Rule 15(a)(1):

> To appeal a decision of the . . . Trademark Trial and Appeal Board . . . under 15 U.S.C. § 1071(a), the appellant must file in the Patent and Trademark Office a notice of appeal within the time prescribed by law.  Notwithstanding Rule 25(b)(1), the appellant must *simultaneously send* to the clerk of court one paper copy of the notice and pay the fee set forth in Federal Circuit Rule 52.

Fed. Cir. R. 15(a)(1) (emphasis added).  But our rules are not jurisdictional.  *Cf. Hamer v. Neighborhood Hous. Servs. of Chi.*, 138 S. Ct. 13, 20 n.9 (2017) ("In cases not involving the timebound transfer of adjudicatory authority from one Article III court to another, we have additionally applied a clear-statement rule: A rule is jurisdictional if *the*

III

We turn now to the claim-preclusion issue. Claim preclusion, historically known as *res judicata*, prevents a party from litigating a matter that should have been litigated in an earlier proceeding. *See generally* 18 Charles Alan Wright et al., Federal Practice and Procedure § 4402 (3d ed. 2018). Claim preclusion applies when three elements are met: "(1) there is identity of parties (or their privies); (2) there has been an earlier final judgment on the merits of a claim; and (3) the second claim is based on the same set of transactional facts as the first." *Nasalok Coating Corp. v. Nylok Corp.*, 522 F.3d 1320, 1324 (Fed. Cir. 2008) (quoting *Jet, Inc. v. Sewage Aeration Systems*, 223 F.3d 1360, 1362 (Fed. Cir. 2000)). When wielded against the defendant from the first action, claim preclusion applies "only if (1) the claim or defense asserted in the second action was a compulsory counterclaim that the defendant failed to assert in the first action, or (2) the claim or defense represents what is essentially a collateral attack on the first judgment." *Id.* (citing *Baker v. Gold Seal Liquors, Inc.*, 417 U.S. 467, 469 n.1 (1974)). Claim preclusion can apply against the defendant even if the first judgment was a default judgment. *Id.* at 1329–30 (collecting cases). We review de novo the Board's determination that claim preclusion bars Mr. Maksimuk's cancellation petition and its grant of summary judgment on that basis. *See id.* at 1323.

We conclude that the Board did not err in determining that claim preclusion bars Mr. Maksimuk's cancellation petition. The Board rightly determined, on the facts here, that Mr. Maksimuk is in privity with CWF Flooring

*Legislature* clearly states that a threshold limitation on a statute's scope shall count as jurisdictional." (emphasis added) (cleaned up)). In the circumstances in this case, we proceed to consider the correctness of the Board's decision.

because he is its founder, owner, and CEO and he controlled the earlier district-court litigation. App. 12–13 (citing *Kreager v. Gen. Elec. Co.*, 497 F.2d 468, 472 (2d Cir. 1974)). The Board also correctly determined that there was an earlier final judgment on the merits of a claim, *i.e.*, the district court's default judgment. App. 14. And the Board properly concluded that the cancellation petition amounted to a collateral attack on the district court's judgment, which specifically stated that Connor's SPORT COURT mark is "distinctive and not generic." App. 15 (quoting App. 61). Therefore, we agree with the Board that the elements of claim preclusion are met here.

We see no special circumstances demanding a departure from the generally applicable standards of claim preclusion. Mr. Maksimuk argues that the Board's claim-preclusion analysis is flawed because he was denied due process during the district-court proceedings when he was not allowed to appear on CWF Flooring's behalf. But besides making unfounded accusations that the district court was biased against him, Mr. Maksimuk has not explained to us why he did not have an opportunity to raise his due-process concerns before the district court or the Tenth Circuit. Regardless, there is no due-process violation.

The federal courts have maintained for generations that corporations must be represented by counsel. *E.g.*, *Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 201–02 (1993) ("It has been the law for the better part of two centuries . . . that a corporation may appear in the federal courts only through licensed counsel." (citing *Osborn v. Bank of the United States*, 22 U.S. (9 Wheat.) 738, 829 (1824))); *Tal v. Hogan*, 453 F.3d 1244, 1254 & n.8 (10th Cir. 2006). Both the district court and the Tenth Circuit timely informed Mr. Maksimuk of the longstanding rule that corporations must be represented by counsel. App. 54–55, 57, 67–68. Mr. Maksimuk cannot complain that he was denied a full and fair opportunity to litigate his claim because of a technicality he did

not know about.  Accordingly, we discern no denial of due process in the district-court proceedings that would make claim preclusion inappropriate here.

IV

We have considered the parties' remaining arguments but find them unpersuasive.  We therefore affirm the decision of the Trademark Trial and Appeal Board.

No costs.

**AFFIRMED**